FULLER & WARREN CO. v. TOWN OF ARLINGTON.

(Circuit Court of Appeals, First Circuit. January 24, 1896.)

No. 87.

PATENTS—INVENTION—PRIVY FURNACES.

The Ross patent, No. 264,568, for a furnace for privies, consisting of a metallic vault having a fire chamber at one end and a flue at the other, with a perforated platform for separating the solid from the fluid matter, is void for want of invention. 54 Fed. 166, affirmed.

Appeal from the Circuit Court of the United States for the District of Massachusetts.

This was a bill in equity by the Fuller & Warren Company against the town of Arlington for alleged infringement of letters patent No. 264,568, issued September 19, 1882, to William S. Ross, for furnaces

for privies. The circuit court dismissed the bill, holding that the patent was void for want of patentable invention. 54 Fed. 166. Complainant appeals.

Esek Cowen (Cowen, Dickerson & Brown with him on the brief), for appellant.

William H. H. Tuttle, for appellee.

Before COLT, Circuit Judge, and NELSON and WEBB, District Judges.

WEBB, District Judge. The patent involved in this cause is for an arrangement to prepare for destruction by fire of fecal matter. It does not set up any right to the process of destruction or purification by fire, but is simply for devices by which heat may be utilized and applied to dry and make readily combustible the solid materials to be disposed of, and to remove by evaporation offensive fluids, and is designed specially for use in connection with privies and water closets. The assignment of errors for the most part relates to the first claim in the patent, which is:

"As an attachment for a privy, a horizontal metallic casing constituting the depository for the fecal matter, and provided with the hinged lids and fire chamber, substantially as set forth."

Looking at the specification, we find nothing but an incombustible bottom to the ordinary vault, with a similar cover in which the matter to be destroyed is dropped. The solid matter is drained by dropping upon a grating, or a perforated plate. At one end of this vault is space for building and maintaining a fire; at the other end, a chimney or flue for supporting the necessary draft to sustain the combustion of the fire, and to carry off vapors and odors developed or set free in the process of drying. This is the whole thing. When the fecal matter is sufficiently dried, it is mixed with coal tar or oil, or other highly combustible matter, and this mixture is set fire to and consumed. The last process may be accomplished in situ, or the matter to be destroyed may be first removed from the place in which it was dried, and then, by the aid of the coal tar or other combustible, be burned. The complainant's device has no relation to this final burning, and plays no part in it. The whole alleged invention, therefore, is nothing more than a form of hot-air drying chamber, in which, because of the nature of the substance to be dried, it is admissible to have the fire, with its smoke and gas, in the same chamber with that substance. We see no invention whatever in the device, and are satisfied that the decree of the circuit court should be affirmed. The decree of the circuit court is affirmed.